# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

In re: CHRIS JOHNSON,

Movant.

No. 07-1427
(D.C. No. 07-cv-01911-ZLW)

ORDER
Filed November 13, 2007

Before **MURPHY**, **HARTZ** and **McCONNELL**, Circuit Judges.

Chris Johnson, a state prisoner proceeding pro se, filed a 28 U.S.C. § 2254 application for federal habeas relief in the district court, which that court construed as a second or successive habeas petition and transferred here under 28 U.S.C. § 1631, *see Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam). Mr. Johnson has filed two motions with this court: one seeking remand to the district court for a merits determination on his habeas application, and one seeking authorization to file a second or successive habeas petition. We deny both motions.

Mr. Johnson was convicted in Denver District Court in case number 89-CR-596 on two counts of second degree burglary and two counts of theft. The Colorado Court of Appeals affirmed the judgment of conviction, affirmed the

sentences in part, vacated the sentences in part, and remanded the case for further proceedings. In 1993, the Colorado Supreme Court denied the petition and the cross-petition for writ of certiorari. On August 25, 1995, Mr. Johnson was resentenced to an aggregate sentence of thirty-two years in prison. He did not appeal from his resentencing, although he did file a petition for a writ of mandamus, which was denied by the Colorado Court of Appeals.

In 1998, Mr. Johnson filed his first 28 U.S.C. § 2254 application challenging his convictions. The district court dismissed the application as barred by the one-year limitation period in 28 U.S.C. § 2244(d). Mr. Johnson did not appeal from the dismissal. In September 2007, Mr. Johnson filed his second § 2254 habeas application, which is the subject of these proceedings. The district court transferred the application to this court because Mr. Johnson had not sought authorization from this court to file a second or successive habeas application.

In his motion for remand, Mr. Johnson objects to the district court's transfer of his second habeas application. He argues that because his first habeas application was dismissed as time-barred, it was never heard on the merits and therefore cannot count as a prior application under 28 U.S.C. § 2244(a).[1] "[D]ismissal of a § 2254 petition for failure to comply with the one-year statute

---

[1]   Mr. Johnson raises some additional arguments in his motion for remand, but these arguments relate to the merits of his underlying habeas petition and are addressed in his motion for authorization.

of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005); *see also Altman v. Benik*, 337 F.3d 764, 765 (7th Cir. 2003) (per curiam) (holding that "previous untimely petition does count as a prior application under § 2244(b)"). The district court's decision to transfer Mr. Johnson's habeas petition to this court for authorization pursuant to § 2244 was proper. Accordingly, the motion for remand is denied.

Mr. Johnson seeks to raise four claims for relief in his second habeas petition. He admits in his motion for authorization that his first claim, which asserts that his conviction was obtained by use of a defective document, was presented in his prior § 2254 application. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

For his second claim for ineffective assistance of counsel and his fourth claim, which asserts that the court failed to supply transcripts of the preliminary hearing, he argues that he is entitled to authorization because these claims rely on newly discovered evidence. Under § 2244(b)(2)(B), a second or successive habeas claim may proceed if:

> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Mr. Johnson's claims do not meet these threshold requirements. He has not discovered any new factual support for his claims. Rather, he asserts that he has discovered new case law to support his claims.[2] Because Mr. Johnson has not discovered new evidence that would be sufficient to establish that he was not guilty of the underlying offenses, he may not receive authorization for claims two and four under § 2244(b)(2)(B)(i).

Finally, with respect to his third claim, Mr. Johnson asserts that his sentence is illegal. He contends that he has new evidence to support his claim, but he does not identify what that evidence is. And even if he had identified the new evidence, to receive authorization to file another § 2254 petition, the new evidence must compel a reasonable factfinder to find that the movant is not "guilty of the underlying offense," § 2244(b)(2)(B)(ii), and thus applies only to challenges to the underlying conviction; it is not available to assert sentencing error, *see*, *e.g.*, *In re Jones*, 137 F.3d 1271, 1274 (11th Cir. 1998) (per curiam).

---

[2]   Mr. Johnson does not argue that the two cases that he discovered, *Harris v. District Court*, 843 P.2d 1316 (Colo. 1993) and *Gonzales v. District Court*, 602 P.2d 857 (Colo. 1979), present new rules of constitutional law that were previously unavailable, which could entitle him to authorization under § 2244(b)(2)(A). Mr. Johnson must be aware that both of these cases were available to him when he filed his first habeas application in 1998.

Mr. Johnson also makes a reference to "Apprendi," Mot. for Authorization at 13, which presumably refers to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi*, however, was not made retroactive to cases on collateral review, *see Bey v. United States*, 399 F.3d 1266, 1268 (10th Cir. 2005), and therefore cannot provide a basis for authorization, *see* 28 U.S.C. § 2244(b)(2)(A).

Mr. Johnson's motion for remand is DENIED.  Mr. Johnson's motion for authorization to file a second or successive § 2254 motion is DENIED, and the matter is DISMISSED.  The denial of authorization is not appealable and may not be the subject of a petition for rehearing or for a writ of certiorari.  *See* 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court,

*[signature]*

ELISABETH A. SHUMAKER, Clerk